DUCKER, JUDGE:
Claimant, Thomas Company, a corporation, with principal office in Huntington, West Virginia, was on February 16, 1962 awarded by the State Road Commission a contract for the construction of Route 17 Interchange Bridge No. 2133, being Project 1-64-1(30)142, on a schedule of prices lowest bid of $75,164.38. The construction under the contract was to begin not later than ten calendar days after the award and completed in 130 working days ending in August. The delays in the work amounted to approximately two months, and because of such delays, which petitioner claims were the fault of the Road Commission in not requiring the paving contractor to yield sufficiently in his work to allow claimant to perform its bridge construction work, claimant alleges damages as to that portion of its claim the sum of $17,565.42. In addition to the above specific claim as item (1), claimant also alleges damages specifically as follows: (2) Bridge pier excavation $1,245.78; (3) cleaning concrete and mud from structural steel $742.53; (4) correction of slope grades for slope paving $3,138.58; (5) bridge deck, unnecessary work due to improper inspection by S.R.C. $1,299.81; (6) wrongful retention of $6,399.00, $1,161.57; (7) expenses incurred by company’s officers and agents in efforts to close projects $1,650.00; and (8) loss of business for one full year $29,000.00; making a grand total claim of $55,894.69.
*113 The record in this case is quite lengthy as the transcript of the evidence embraces 240 typewritten pages with 32 exhibits, and in the evidence relating to the causes and the responsibility for the delays there is considerable conflict. The first principal question for decision involves the matter of the rights of the parties when two independent contractors are working at the same place on separate road construction contracts and the relative duties of each with respect to the other as well as the duty of the State Road Commission in such oases.
As to the first item of the claim amounting to $17,656.42, claimant says it bid the job on the basis of doing the work with a single crane placed in the center of Interstate Highway 1-64, over which the bridge to be constructed was to pass, and ¡the paving contractor did not yield or defer his paving work at such bridge construction site but continued to pave through the site, thus requiring claimant to move its crane and other equipment back and forth along the right of way to build the abutments and the piers for the bridge. The claimant alleges that it was required only to coordinate its work with that of the grade and drain contractor, not with the paving contractor, while the State maintains that under Sec. 1.5.5 of the Standard Specifications of the Road Commission, and which are a part of the contract, the claimant was required to “conduct its operations so as to interfere as little as possible with those of other contractors or the public on or near the work.” We are of the opinion that the expression of the one requirement did not exclude the other, and that both were applicable to this case, but there must be reasonableness in their application. It seems apparent to us that the Road Commission could have anticipated the extra hardship to which the claimant was subjected in having to perform its contract by moving its equipment back and forth on the sides of the right of way instead of doing it in the better engineering way with a crane in the middle of the highway where it could serve both sides and 'the middle of the construction project; 'and that the paving contractor should have been required to suffer such inconvenience in its work, such contractor being also subject to the same Standard Specifications. In reviewing the evidence, we conclude that .the claimant was unjustly denied *114 the right to proceed as it planned and that it should be compensated therefor, and that as to the amount which was not contradicted we accept the sworn evidence of claimant’s witnesses to the effect that its damages amounted to $17,656.42.
As to items (2) and (4) designated above as parts of petitioner’s 'claim, we are of the opinion that the work done should, have been considered as within thait contemplated by the contract, 'and that the claimant is not entitled to extra compensation, and as to item (3) the same was on force account and admittedly paid for, but, if not, it has the same status as items (2) and (4).
As to item (5) which is in the amount of $1,299.81 for unnecessary work on the bridge deck, due to improper inspection by the State Road Commission, in which the claimant was required months later to grind the concrete in order to be within the tolerance specifications of the work, and as to which the Road Commission admitted it was in error, we think the claimant is entitled to compensation for such work in the amount claimed.
As to item (6), we conclude that this is tantamount to a charge of interest on an unpaid account and damages for loss of the use of money can only be interest for which this Court has no authority to allow.
As to item (7), we conclude that this Court cannot recognize as a proper item of damages the costs or expenses of any party in trying to settle a controverted claim with a Department of the State.
And as to item (8), this part of the claim is totally conjectural and speculative, and we can make no allowance for it.
The evidence indicates 'there may be still owing a balance of $2,149.85 unpaid to claimant under its contract, which item this Court does not adjudicate, but assumes that the same will be paid otherwise than directed by this Court.
We are of the opinion that 'the claimant is entitled to be paid the sum of $17,656.42 specified in item (1) of its claim, and $1,299.81 specified in item (5) of its claim, and we hereby award claimant the total of said amounts, namely, $18,956.23.
Award of $18,956.23.